1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  RANDALL MERTH,                                    )  Case No.: 1:21-cv-01185 JLT BAK
                                                      )
12               Plaintiff,                           )  ORDER GRANTING DEFENDANTS' MOTION
                                                      )  TO DISMISS
13         v.                                         )
                                                      )  (Doc. 10)
14  MANAGEMENT & TRAINING CORP.,                      )
    GEORGINA PUENTES, and MARTIN                      )
15  FRIEND,                                           )
                                                      )
16               Defendants.                          )
                                                      )

17

        Randall Merth is a former federal prisoner and asserts he was confined past his entitled release

18

date. Merth seeks to hold Management & Training Corporation and the wardens of facility in which he

19

was confined—Georgina Puentes and Martin Friend—liable for violating his Fifth and Eighth

20

Amendment rights under the United States Constitution. (*See generally* Doc. 1.)

21

        Defendants seek dismissal of the Complaint, arguing Merth fails to state facts sufficient to

22

entitle him to relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10.)

23

Specifically, Defendants argue that *Bivens* actions do not extend to Defendants and Merth was not

24

entitled to early release as a matter of law. (*Id*. at 3.) The Court finds the matter suitable for decision

25

without oral argument, and no hearing date will be set pursuant to Local Rule 230(g) and General

26

Order 618. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss under

27

Rule 12(b)(6).

28

1

1   **I.      Background and Procedural History**

2        Merth alleges he received a sentence of 87 months for conspiracy to distribute more than fifty

3   pounds of marijuana in violation of 28 U.S.C. § 841. (Doc. 1 at 3-4.) He asserts that he was

4   incarcerated at Taft Correctional Institution and "began service of his sentence on either January 25,

5   2013…or September 28, 2013." (*Id*. at 4.) Merth alleges that Public Law 115-31 (the "First Step Act")

6   became effective on or about December 21, 2018, which amended 18 U.S.C. § 3624(b)(1) to provide an

7   additional 154-day credit for each year served by a federal inmate in good behavior. (*Id*.) Accordingly,

8   Merth asserts he was entitled to a release date of December 21, 2018. (*Id*. at 5.)

9        Merth alleges he notified MTC officials of his calculations prior to January 30, 2019 and was

10  nonetheless denied his rights to be free from illegal confinement. (Doc. 1 at 3, 5.) Merth asserts he was

11  incarcerated 241 days beyond his entitled release date when he was released on August 6, 2019. (*Id*.)

12  Merth alleges MTC had policies in place that "enabled, and even required its employees to act with

13  indifference to the constitutional rights of individuals such as Plaintiff," specifically, rights under the

14  Fifth and Eighth Amendments to the United States Constitution. (*Id*. at 6-8.) Merth asserts the

15  "arbitrary, unreasonable, and illegal" decisions by Defendants caused him "mental injury and

16  economic damages" which also affected Merth's family members' and dependents' emotional well-

17  being and distress. (*Id*. at 5-6.)

18       On February 22, 2019, Merth filed a petition for writ of *habeas corpus* in this Court. (Doc. 10-

19  2 at 1.)[1] On August 22, 2019, the Court denied Merth's petition, rejecting Merth's argument that § 102

20  of the First Step Act took immediate effect on January 21, 2018 and entitled Merth to an early release

21  date. (Doc. 10-3.)

22       Merth filed a complaint on August 5, 2021 against MTC, Puentes, and Friend, asserting he was

23

24  [1] Defendants request the Court take judicial notice of the findings and recommendations issued by the magistrate judge
    denying Merth's petition for *habeas corpus* (Doc. 10-2), the order adopting (Doc 10-3), and the judgment entered in case
25  no. 1:19-cv-00251 (Doc 10-4). Under the Federal Rules of Evidence, the Court may take judicial notice of a fact that "is not
    subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be
26  accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  The
    record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken
27  of court orders. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*,
    80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887
28  F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Accordingly,
    the request for judicial notice (Doc. 10-1) is granted.

1    entitled to an early release date based on the argument that the First Step Act took immediate effect on

2    January 21, 2018. (*See* Doc. 1.) Merth seeks monetary relief. (*Id*. at 9.) Merth alleges jurisdiction

3    arises under the Constitution, 28 U.S.C. § 1333, and *Bivens v. Six Unknown Named Agents of Fed.*

4    *Bureau of Narcotics*, 403 U.S. 388 (1971). (*See id*. at 2-3.) On December 8, 2021, Defendants filed a

5    motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10.)[2]

6    **II.       Motions to Dismiss and Pleading Standard**

7            A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729,

8    732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks

9    a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

10   *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is

11   limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

12          The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain

13   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

14   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

15   (2007)). The Supreme Court explained,

16          A claim has facial plausibility when the plaintiff pleads factual content that allows the
             court to draw the reasonable inference that the defendant is liable for the misconduct
17          alleged. The plausibility standard is not akin to a "probability requirement," but it asks
             for more than a sheer possibility that a defendant has acted unlawfully. Where a
18          complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops
             short of the line between possibility and plausibility of 'entitlement to relief.'"
19

20   *Iqbal*, 556 U.S. at 678 (internal citations omitted).

21          "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled

22   to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a

23   recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236

24   (1974). The Court "will dismiss any claim that, even when construed in the light most favorable to

25   plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

26

27

28   [2] As the parties were informed on August 11, 2021, the Eastern District of California has been in a state of judicial
     emergency while this motion was pending resolution. (*See* Doc. 3-3.) The action was assigned to the undersigned on
     January 7, 2022. (*See* Doc. 15.)

1    *Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). To the extent pleading deficiencies can be

2    cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss &*

3    *Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

4            *Pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys, but a

5    complaint is insufficiently plead if the court can say with assurance that under the allegations it appears

6    "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

7    him to relief." *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (internal citations omitted); *Wilhelm v.*

8    *Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Liberal construction means that pro se litigants are

9    "relieved from the strict application of procedural rules and demands that courts not hold missing or

10   inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, 729 F.3d

11   1237, 1241 (9th Cir. 2013). However, this does not mean a court is required to supply essential

12   elements of the claim not initially pled. *See Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1140

13   (9th Cir. 2011) (citing *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)).

14   **III.    Discussion and Analysis**

15          **A.    Favorable Termination Rule of *Heck***

16          A prisoner states a cognizable claim for *habeas corpus* when challenging "the fact or duration

17   of his confinement" and "seeks either immediate release from that confinement or the shortening of its

18   duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Thus, when a plaintiff challenges the

19   legality or duration of his custody or raises a constitutional challenge which could entitle him to an

20   earlier release, his sole federal remedy is a writ of *habeas corpus. Id.*; *Young v. Kenny,* 907 F.2d 874

21   (9th Cir. 1989). However, while a claim for release from custody falls with the federal *habeas corpus*

22   domain, monetary damages cannot be awarded in a *habeas* case. *See Heck v. Humphrey*, 512 U.S. 477,

23   487 (1994).

24          Pursuant to the favorable termination rule of *Heck v. Humphrey*, "to recover damages for

25   allegedly unconstitutional conviction or imprisonment, ... a § 1983 plaintiff must prove that the

26   conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

27   invalid by a state tribunal authorized to make such determination, or called into question by a federal

28   court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. "A claim for damages bearing

1    that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §

2    1983." *Id.* at 487. In other words, a prisoner seeking money damages for the "very fact or duration of

3    his confinement" has no claim under § 1983 or *Bivens* "unless and until the inmate obtains favorable

4    termination of a state, or federal habeas corpus, challenge to his conviction or sentence." *Nelson v.*

5    *Campbell*, 541 U.S. 637, 646 (2004); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

6          Merth's claim that Defendants failed to award him good conduct sentencing credits would

7    demonstrate the invalidity of the duration of his confinement. *See Edwards v. Balisok*, 520 U.S. 641,

8    648 (1997); *see also Neff v. MCI-H*, 99 F. App'x 479, 480 (4th Cir. 2004) (affirming dismissal of civil

9    rights claim challenging a miscalculated release date as *Heck*-barred). Where plaintiff has not

10   demonstrated the revocation judgment has been reversed on direct appeal or otherwise called into

11   question by issuance of a writ of *habeas corpus*, these claims are not presently cognizable in

12   a *Bivens* action. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Martin v. Sias*, 88 F.3d

13   774, 775 (9th Cir. 1996) (*Heck* applies to *Bivens* actions); *Clemente v. Allen*, 120 F.3d 703, 704 (7th

14   Cir. 1997) (same).[3]

15          Merth alleges he was entitled to immediate release based upon the requirements of the First

16   Step Act and seeks monetary relief for confinement by Defendants past that date. (Doc. 1 at 9.) It is

17   clear that "a judgment in favor of [Merth] would necessarily imply the invalidity of his conviction or

18   sentence." *Heck*, 512 U.S. at 487. Therefore, Merth may not seek damages under *Bivens* unless his

19   conviction or sentence has been expunged by an executive order or invalidated by a state court or of a

20   federal writ of *habeas corpus. Id.* at 486-87; *Martin*, 88 F.3d. Defendants note that Merth challenged

21   the legality of the length of his confinement through a writ of *habeas corpus* and Merth's petition was

22   denied by this Court. (Doc. 10 at 2; *see also* Doc. 10-2; Doc. 10-3.) Thus, Merth has not proven a

23   finding in his favor via writ of *habeas corpus* and is barred from asserting a *Bivens* claim for damages.

24   Accordingly, this action is dismissed without prejudice. *Trimble v. City of Santa Rosa*, 49 F.3d 583,

25   585 (9th Cir. 1995) (dismissals under *Heck* are "required to be without prejudice so that [the plaintiff]

26

27   ───────────────

28   [3] The Ninth Circuit stated: "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (borrowing state personal-injury statute of limitations for *Bivens* action); *see also Alexander v. Perrill*, 916 F.2d 1392, 1396 (9th Cir. 1990) (stating that failure to perform a duty creates liability under both § 1983 and *Bivens*).

1  may reassert his claims if he ever succeeds in invalidating his conviction").

2  **B.      *Bivens* Action Against MTC, a Private Corporation**

3          Even if *Heck* presented no barrier to the claims, Merth still fails to state a claim for relief as to

4  MTC. Merth brings this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388

5  (1971). A *Bivens* action is the federal analog to suits brought against state officials under 42 U.S.C. §

6  1983. *Hartman v. Moore*, 547 U.S. 250, 255 (2006) (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999));

7  *see also Alexander v. Perrill*, 916 F.2d 1392, 1396 (9th Cir. 1990) (stating that failure to perform a duty

8  creates liability under both § 1983 and *Bivens*). Under *Bivens*, a plaintiff may sue a federal officer in his

9  or her individual capacity for damages for violating the plaintiff's constitutional rights. *See Bivens*, 403

10  U.S. at 397; *see also Solida v. McKelvey*, 820 F.3d 1090, 1091 (9th Cir. 2016).

11          To state a claim under *Bivens*, a plaintiff must allege (1) a violation of his constitutional rights,

12  and (2) the alleged violation was committed by a federal actor. *See Van Strum v. Lawn*, 940 F.2d 406,

13  409 (9th Cir. 1991); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing *Shwarz v. United*

14  *States*, 234 F.3d 428, 432 (9th Cir. 2000)). In addition, the plaintiff must allege each defendant

15  personally participated in the deprivation of his rights. *Iqbal,* 556 U.S. at 663 ("[b]ecause vicarious

16  liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official

17  defendant, through the official's own individual actions, has violated the Constitution"). The mere

18  possibility of misconduct falls short of meeting this plausibility standard. *Iqbal,* 556 U.S. at 678-

19  69; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Vague and conclusory allegations of

20  official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey*

21  *v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Bruns v. Nat'l Credit Union Admin.*, 122

22  F.3d 1251, 1257 (9th Cir. 1997) (*Bivens* action).

23          Merth names MTC, a private corporation,[4] as a defendant in this action. Merth may not bring a

24  claim for damages against MTC. In *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001), the Supreme

25  Court held that there was no implied private right of action, pursuant to *Bivens*, for damages against

26

27  _____

28  [4] As observed by the Ninth Circuit, Taft is a facility owned by the Federal Bureau of Prisons and operated by Management Training Corporation, a private prison company. *See Edison v United States*, 822 F.3d 510, 514 (9th Cir. 2016); *see also Valdez v. Benov*, 715 F. App'x 611, 613 (9th Cir. 2017).

private entities that engaged in alleged constitutional deprivations while acting under color of federal law. *Malesko* involved a federal inmate who brought a *Bivens* action against Correctional Services Corporation ("CSC"), a private company under contract with the Bureau of Prisons, like MTC. *Id*. at 63. The district court dismissed the case, and on appeal, the Court of Appeals reasoned that companies like CSC should be held liable and reversed the action in part. *Id*. at 65. The Supreme Court reversed, clarifying that to allow a plaintiff to initiate a *Bivens* action against a private corporation contractually providing services pursuant to a contract with that federal agency would inappropriately extend *Bivens. See id*. at 62, 65. The purpose of *Bivens* is to deter *individual* federal officers from committing constitutional violations. *Id*. at 70 (emphasis added). Accordingly, Merth's claims against MTC, as a private corporation, fail as a matter of law.

**IV.     Conclusion and Order**

For the reasons set forth above, the Court **ORDERS**:

1.     Defendants' motion to dismiss (Doc. 10) is **GRANTED**;

2.     This case is **DISMISSED** without prejudice; and

3.     The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:     **March 10, 2022**

_____
UNITED STATES DISTRICT JUDGE